UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| VALEAN BARNA, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> WELLS FARGO BANK, N.A.; and ) <br> FEDERAL HOME LOAN MORTGAGE ) <br> CORPORATION, ) <br> ) <br> Defendants. ) <br> ) | Case No.: 2:12-cv-00496-GMN-GWF <br><br> **ORDER** |

Before the Court is the Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (ECF No. 7) filed by Defendants Wells Fargo Bank, N.A. ("Wells Fargo") and Federal Home Loan Mortgage Corporation ("FHLMC") (collectively, "Defendants"). Also pending before the Court are Defendants' Motion to Expunge Lis Pendens (ECF No. 6) and Defendants' Motion for Hearing or Decision (ECF No. 22.)

**I.   BACKGROUND**

This case arises out of an alleged failure to consider an application to modify a home loan. In May 2007, Plaintiff executed a Note secured by a Deed of Trust in favor of the lender, Wells Fargo Bank, N.A., for the real property located at 2006 Santa Rita Drive, Las Vegas, Nevada, 89104, APN#: 162-03-415-045 ("the Property"). (Compl. at ¶ 7, ECF No. 1; Deed of Trust, Ex. A to Req. Judicial Notice ("RJN"), ECF No. 8.) In January 2011, MTC Financial Inc., dba Trustee Corps[1] recorded a notice of default against the Property naming Wells Fargo as the beneficiary. (Compl. at ¶ 9; Notice of Default, Ex. 3 to RJN.) In or after June 2011, Plaintiff

---

[1] MTC Financial Inc., dba Trustee Corps was originally named as a defendant but was voluntarily dismissed on October 29, 2012. (ECF No. 48.)

requested a loan modification. (*Id.* at ¶¶ 10-13.)  In October 2011, Trustee Corps filed a Notice of Trustee Sale. (*Id.* at ¶ 12.)  In November 2011, Wells Fargo denied the HAMP loan request but represented that it would consider Plaintiff for a traditional loan. (*Id.* at ¶ 13.)   Plaintiff requested a postponement of the Trustee's Sale, for which FHLMC "impermissibly withheld its approval" but was later successfully postponed. (*Id.* at ¶¶ 14-15.)  On November 16, 2011, Plaintiff received a Notice of Trustee's Sale setting the date for December 22, 2011, again naming Wells Fargo as the beneficiary. (*Id.* at ¶ 16.)  On December 14, 2011, Plaintiff learned Wells Fargo had not reviewed Plaintiff's file, despite representations by Wells Fargo that the application was being reviewed. (*Id.* at ¶ 17.)  On December 22, 2011, the Property was sold to Lawrence Pasini.[2] (*Id.* at ¶ 19.)

Plaintiff filed suit in the Eighth Judicial District Court, Clark County, Nevada on March 1, 2012.  The case was removed to this Court on March 23, 2012.  Plaintiff's Complaint asserts claims for (1) Breach of Contract, (2) Breach of Covenant of Good Faith and Fair Dealing, (3) Negligence, (4) Violations of Chapter 107 of the Nevada Revised Statutes, and (5) Injunctive Relief.  Defendants seek to dismiss the complaint for failure to state a claim and to expunge the associated *lis pendens*.  Plaintiff opposed the motion and sought, in the alternative, leave to amend.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l v. Arizona Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests.

---

[2] Lawrence Pasini was originally named as a defendant but was voluntarily dismissed on September 19, 2012. (ECF No. 46.)

*See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555) (emphasis added).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend.  The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant . . . undue prejudice to the opposing party by

virtue of . . . the amendment, [or] futility of the amendment . . . ." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Leave to amend may be denied if a court determines that "allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Abagninin v. AMVAC Chemical Corp.*, 545 F.3d 733, 742 (9th Cir. 2008) (*quoting Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)).

## III. DISCUSSION

### I. Breach of Contract

In Nevada, a claim for breach of contract must allege (1) the existence of a valid contract; (2) that plaintiff performed or was excused from performance; (3) that the defendant breached the terms of the contract; and (4) that the plaintiff was damaged as a result of the breach. *See* Restatement (Second) of Contracts § 203 (2007); *Calloway v. City of Reno*, 993 P.2d 1259, 1263 (Nev. 2000) ("A breach of contract may be said to be a material failure of performance of a duty arising under or imposed by agreement."). To create an enforceable contract there must be an "offer and acceptance, meeting of the minds, and consideration." *May v. Anderson*, 119 P.3d 1254, 1257 (Nev. 2005).

Here, it is unclear in Plaintiff's Complaint whether Plaintiff is alleging the existence of a valid contract, and if so, what that contract is. In the Complaint, Plaintiff refers obliquely to "the loan documents concerning the Subject Property" to which Defendants "allege that they are a party" and that "they have a legally valid and binding contract." (Compl., ¶ 24.) Plaintiff alleges that Defendants "have failed to abide by the terms of the agreement to which they allege they are a party." (*Id*. at ¶ 25.) However, Plaintiff does not specify what the "agreement" was, and does not provide any facts to support his allegations that Defendants have alleged the

existence of a legally valid and binding contract.  Even so, Plaintiff himself must allege the existence of a valid contract, and must also provide sufficient factual support to show that a violation on the part of Defendants is plausible.  Here, Plaintiff has not done so.  Accordingly, this cause of action must be dismissed.

### B.  Breach of the Implied Covenant of Good Faith and Fair Dealing

Plaintiff bases his claim for breach of the implied covenant of good faith and fair dealing on an alleged breach of duty by Defendants when they failed to consider the loan modification, denied postponement of the sale, and improperly foreclosed on the property.

To state a claim of breach of the covenant of good faith and fair dealing, Plaintiff must allege: (1) Plaintiff and Defendants were parties to an agreement; (2) Defendants owed a duty of good faith to the Plaintiff; (3) Defendants breached that duty by performing in a manner that was unfaithful to the purpose of the contract; and (4) Plaintiff's justified expectations were denied. *Perry v. Jordan*, 900 P.2d 335, 338 (Nev. 1995).  In Nevada, an implied covenant of good faith and fair dealing exists in every contract, *Consol. Generator–Nevada, Inc. v. Cummins Engine Co., Inc.*, 971 P.2d 1251, 1256 (Nev. 1998), and a plaintiff may assert a claim for its breach if the defendant "deliberately countervenes the intention and spirit of the contract," *Morris v. Bank of Am. Nev.*, 886 P.2d 454, 457 (Nev. 1994) (internal quotation marks omitted).

Here, as in the first cause of action, Plaintiff alleges that Defendants "asserted that they and Plaintiff were parties to a valid and existing contract" (Compl., ¶ 31), but does not explain what that contract is, nor does Plaintiff allege the existence of such a contract himself.  Plaintiff does allege that Defendants breached their duty of good faith and fair dealing "[b]y refusing to deal with Plaintiff's modification application" and "wrongfully denying the postponement of the foreclosure sale and improperly foreclosing on the property." (Compl., ¶ 33.)  However, Plaintiff does not allege any facts to support the allegation that "refusing to deal" with the modification application, "wrongfully denying" postponement of the sale, and "improperly

foreclosing" are actions in breach of any contract or agreement.  Accordingly, this cause of action must be dismissed.

### C.  Negligence

To bring a negligence claim in Nevada, a plaintiff must show that:  (1) defendant owed a duty of care to plaintiff; (2) defendant breached that duty; (3) defendant's breach was the legal cause of the plaintiff's injuries; and (4) plaintiff was damaged. *Scialabba v. Brandise Constr. Co., Inc.*, 921 P.2d 928, 930 (Nev. 1996).  Liability based on negligence does not exist without a breach of a duty.  *Bradshaw v. Blystone Equip. Co. of Nev.*, 386 P.2d 396, 397 (Nev. 1963).

Although Plaintiff's Complaint includes a recitation of the elements of negligence, the allegations in the Complaint fail to satisfy the pleading standard as stated in *Iqbal* and *Twombly*. Contrary to this pleading standard, Plaintiff's Complaint lacks the factual support needed to plead a plausible negligence cause of action.  Plaintiff first alleges that "Defendants Wells Fargo, and Freddie Mac owed a duty to Plaintiff to perform their professional services in a manner consistent with similarly situated professionals in their respective fields, and to perform their duties with usual and reasonable care." (Compl. ¶ 37.)  This allegation fails to allege sufficient facts that, when taken as true, establish that Defendants owed Plaintiff a duty of care. Even if Plaintiff had adequately alleged the factual support to establish that Defendants owed a duty of care, Plaintiff's Complaint also fails to allege sufficient factual support to establish that Defendants breached that duty.  In fact, Plaintiff's Complaint merely alleges that this "duty" was breached when Defendants failed to "properly perform their functions in a competent and workmanlike fashion." (*Id.* at ¶ 38.)  Such a conclusory statement fails to lift Plaintiff's allegations above the possible into the probable.  Furthermore, this bare allegation fails to give Defendants fair notice of this claim and the grounds on which it rests.  For these reasons, this cause of action must be dismissed.

/ / /

### D.  Violation of Chapter 107 of the Nevada Revised Statutes

Plaintiff alleges that Defendants "failed to properly notice the Trustee Sale and Notice of Default pursuant to sections 107.080, 107.090, and NRS 107.095 of the Nevada Revised Statutes," but does not specify what requirement of these statutes Defendants have violated. (Compl., ¶ 45.)  The judicially noticeable documents recorded in Clark County and provided by Defendants do not show a violation of section 107.080 on the part of Defendants.  Plaintiff provides no factual allegations to support the claim that Defendants are subject to section 107.090, and Plaintiff does not allege that any request was made to trigger Defendants' responsibilities under this section.  Plaintiff does not allege the existence of any "guarantor or surety of the debt" to whom a notice of default must be sent pursuant to section 107.095, and does not allege facts to support any allegation that Defendants were subject to such a requirement.  For these reasons, and because Plaintiff fails to identify any specific facts or portions of the statute to show a violation on the part of Defendants, this cause of action must be dismissed.

### E.  Injunctive Relief

Plaintiff's fifth cause of action is not recognized as a cause of action in Nevada. Injunctive relief is a remedy, not a claim.  Accordingly, this "cause of action" is dismissed.

## IV.  LEAVE TO AMEND

Because the Court cannot find that amendment would be futile, the Court grants leave to amend the complaint if the Plaintiff can remedy his complaint consistent with the deficiencies identified by this Order.  Failure to file an amended complaint by **April 4, 2013**, shall result in dismissal of this action with prejudice.

## V.  CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss Plaintiff's Complaint (#7) is **GRANTED**.  Plaintiff's Complaint is **DISMISSED without prejudice**.  However, the

Court grants leave to file an amended complaint if Plaintiff can amend his complaint consistent with the deficiencies identified in this Order. Failure to file an amended complaint by **April 4, 2013**, shall result in dismissal of this action with prejudice.

    **IT IS FURTHER ORDERED** that Defendants' Motion to Expunge Lis Pendens (#6) is **DENIED with leave to re-file**.

    **IT IS FURTHER ORDERED** that Defendants' Motion for Hearing or Decision (#22) is **DENIED as moot** in light of this Order.

    **DATED** this 20th day of March, 2013.

_____
Gloria M. Navarro
United States District Judge