UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| VALEAN BARNA, ) <br> ) <br>            Plaintiff, ) <br>     vs. ) <br> ) <br> WELLS FARGO BANK, N.A.; and ) <br> FEDERAL HOME LOAN MORTGAGE ) <br> CORPORATION, ) <br> ) <br>            Defendants. ) <br> ) | Case No.: 2:12-cv-00496-GMN-GWF <br><br> **ORDER** |

Before the Court is the Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (ECF No. 67) filed by Defendants Wells Fargo Bank, N.A. ("Wells Fargo") and Federal Home Loan Mortgage Corporation ("FHLMC") (collectively, "Defendants"). Also pending before the Court are Defendants' Motion to Expunge Lis Pendens (ECF No. 68) and Defendants' Motion to Enforce Settlement (ECF No. 54.)

**I.     BACKGROUND**

This case arises out of the alleged bad faith and practices of Wells Fargo. The facts generally giving rise to this case are described in this Court's prior Order. (ECF No. 59.) The specific facts relevant to this Order are as follows:

On March 1, 2012, Plaintiff, Valean Barna, filed suit in state court, the Eighth Judicial District Court, Clark County, Nevada. Defendants, Wells Fargo Bank, N.A. and Federal Home Loan Mortgage Corp., removed the case to this Court on March 23, 2012. (ECF No. 1.) Plaintiff's original Complaint asserted claims for (1) Breach of Contract, (2) Breach of Covenant of Good Faith and Fair Dealing, (3) Negligence, (4) Violations of Chapter 107 of the Nevada Revised Statutes, and (5) Injunctive Relief. (*Id.*) Defendants sought to dismiss the original

Complaint for failure to state a claim and to expunge the associated *lis pendens*. (ECF Nos. 6, 7.) While awaiting this Court's Order on the Motion to Dismiss, Plaintiff's counsel sought to withdraw as attorney of record. (ECF No. 53.) Magistrate Judge Foley granted that Motion on March 18, 2013. (ECF No. 58.) Two days later, on March 20, 2013, this Court dismissed Plaintiff's Complaint without prejudice, with leave to amend. (ECF No. 59.) Plaintiff was directed to file an amended complaint curing the noted deficiencies by May 13, 2013. (ECF Nos. 59, 63.)

On May 9, 2013, Plaintiff, proceeding *pro se*, filed the First Amended Complaint ("FAC"). (ECF No. 65.) Defendants again sought to dismiss the FAC for failure to state a claim and to expunge the associated *lis pendens*. (ECF Nos. 67, 68.) Plaintiff opposed the motion and made demand for a jury trial. (ECF No. 79.)

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l v. Arizona Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation

is *plausible*, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555) (emphasis added).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted).  Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend.  The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment . . . ." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).  Leave to amend may be denied if a court determines that "allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742 (9th Cir. 2008) (*quoting Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)).

### III. DISCUSSION

#### I. Breach of Contract

In Nevada, a claim for breach of contract must allege (1) the existence of a valid contract; (2) that plaintiff performed or was excused from performance; (3) that the defendant breached the terms of the contract; and (4) that the plaintiff was damaged as a result of the breach. *See* Restatement (Second) of Contracts § 203 (2007); *Calloway v. City of Reno*, 993 P.2d 1259, 1263 (Nev. 2000) ("A breach of contract may be said to be a material failure of performance of a duty arising under or imposed by agreement.") To create an enforceable contract there must be an "offer and acceptance, meeting of the minds, and consideration." *May v. Anderson*, 119 P.3d 1254, 1257 (Nev. 2005).

This Court's prior Order directed the Plaintiff to specify what "agreement" was allegedly breached, and to provide sufficient factual support to show that a violation on the part of Defendants is plausible. (ECF No. 59 at 4-5.) However, Plaintiff has failed to do so. Plaintiff's FAC alleges Defendants' "destructive actions caused the collapse of the housing market – these actions by Wells Fargo Bank became the first BREACH in regards to the mortgage contract." (ECF No. 65 at 1.) Plaintiff argues that Wells Fargo breached his Deed of Trust by giving loans to other unworthy buyers, whose subsequent defaults caused the housing market collapse, which in turn caused Plaintiff to lose his construction job and default on his loan. (ECF No. 79 at 11-13.) Thus, Plaintiff essentially argues Defendants breached their contractual duties to him by being the cause of the housing market collapse. (*Id.* at 12).

Although Plaintiff has identified the Deed of Trust and/or mortgage contract as the agreements relevant to this claim, fatal to Plaintiff's claim is that the judicially noticed Deed of Trust[1] does not contain any terms relating to how Defendants would be limited in regards to it

---

[1] In its March 20, 2013 Order, this Court took judicial notice of the Deed of Trust. (ECF No. 59.) Defendants have again asked this Court to take judicial notice of the same documents. (ECF No. 69.)

providing loans to other home buyers. Deed of Trust, Ex. 1 to Req. Judicial Notice ("RJN"), (ECF No. 69.) Even assuming every fact alleged in Plaintiff's FAC as true, the agreement referenced by Plaintiff does not include any promises or assurances made by Wells Fargo as to how it would administer loans to third-parties unrelated to Plaintiff's loan. *See id.* What Plaintiff's FAC attempts to do is impose liability on Defendants for the alleged breach of an illusory contract whereby banks would only give loans to "worthy" buyers. To be sure, Plaintiff's Opposition to the Motion to Dismiss makes several references to "economic genocide," "communism," "terroristic tactics," and generally refers to banks as "predators" who Plaintiff feels "are responsible for the Housing Market Collapse and they must pay for what they did to all Americans." (ECF No. 79 at 14-15.) However, judicially noticed documents contradict Plaintiff's position that Defendants breached any duties actually contained in the mortgage agreements. Therefore, Plaintiff's claim for breach of contract fails.

### B. Breach of the Implied Covenant of Good Faith and Fair Dealing

To state a claim of breach of the implied covenant of good faith and fair dealing, Plaintiff must allege: (1) Plaintiff and Defendants were parties to an agreement; (2) Defendants owed a duty of good faith to the Plaintiff; (3) Defendants breached that duty by performing the contract in a manner that was unfaithful to the purpose of the contract; and (4) Plaintiff's justified expectations were denied. *Perry v. Jordan*, 900 P.2d 335, 338 (Nev. 1995). In Nevada, an implied covenant of good faith and fair dealing exists in every contract, *Consol. Generator–Nevada, Inc. v. Cummins Engine Co., Inc.*, 971 P.2d 1251, 1256 (Nev. 1998), and a plaintiff may assert a claim for its breach if the defendant "deliberately countervenes the intention and spirit of the contract," *Morris v. Bank of Am. Nev.*, 886 P.2d 454, 457 (Nev. 1994) (internal quotation marks omitted).

Here, Plaintiff bases his claim for breach of the implied covenant of good faith and fair dealing on the same "agreement" as alleged in the claim for breach of contract and reiterates the

arguments made for the same. (ECF No. 65, 79.)  For the same reasons as already discussed, claim for the breach of implied covenant of good faith and fair dealing fails because the agreement referenced by Plaintiff does not impose any promises or assurances made by Wells Fargo as to how it would administer loans to third-parties unrelated to Plaintiff's loan. Therefore, even assuming every fact alleged in Plaintiff's FAC as true, Defendants' performance of the agreement with Plaintiff, which made no reference to how loans would be administered to third parties, was not unfaithful to the purpose of the contract.  Accordingly, this claim fails.

### C. Negligence

To bring a negligence claim in Nevada, a plaintiff must show that:  (1) defendant owed a duty of care to plaintiff; (2) defendant breached that duty; (3) defendant's breach was the legal cause of the plaintiff's injuries; and (4) plaintiff was damaged. *Scialabba v. Brandise Constr. Co., Inc.*, 921 P.2d 928, 930 (Nev. 1996).  Liability based on negligence does not exist without a breach of a duty. *Bradshaw v. Blystone Equip. Co. of Nev.*, 386 P.2d 396, 397 (Nev. 1963).

This Court's prior Order instructed Plaintiff to identify what duty Defendants owed to the Plaintiff and how that duty was breached.  Plaintiff's FAC merely provides a formulaic recitation of the elements of the claim in an even more conclusory manner than the original Complaint. (ECF No. 65 at 6.)  Plaintiff has failed to cure the previously noted deficiencies and thus, the claim is dismissed.

### D. Violation of Chapter 107 of the Nevada Revised Statutes

This Court's prior order instructed Plaintiff to identify what regulations were violated, why Defendants were subject to the noted regulations, what requests Plaintiff made to trigger any responsibilities imposed under the Chapter, and what guarantor or surety relationship existed to support the claim.  Unfortunately, Plaintiff has failed cure the deficiencies identified by this Court because he is admittedly "totally unfamiliar with the contents" of the statutes. (ECF No. 65 at 6.)  Thus, the claim is dismissed.

## IV. LEAVE TO AMEND

Because the Court has already given the Plaintiff the opportunity to cure the deficiencies that were contained in the original Complaint and Plaintiff has failed to cure those noted deficiencies in the FAC, the Court finds that further amendment would be futile. Moreover, granting further amendment would likely result in undue prejudice to the Defendants, considering that discovery has closed. Therefore, this action is dismissed with prejudice.

## V. CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss Plaintiff's Complaint (ECF No. 67) is **GRANTED**. Plaintiff's Complaint is **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Expunge Lis Pendens (ECF No. 68) is **GRANTED**. Pursuant to NRS § 14.015, the Notice of Pendency of Action filed and recorded by or on behalf of Plaintiff on the real property located at 2006 Santa Rita Drive, Las Vegas, Nevada 89104 with the Clark County Recorder's Office is hereby cancelled and extinguished; this cancellation has the same effect as an expungement of the original notice.

**IT IS FURTHER ORDERED** Defendants' Motion to Enforce Settlement (ECF No. 54) is **DENIED as moot** in light of this Order.

The Clerk of the Court is directed to enter judgment accordingly, and close this case.

**DATED** this 9th day of October, 2013.

_____
Gloria M. Navarro
United States District Judge